UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIR VENT, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-2044-X |
| | § | |
| POWERMAX ELECTRIC CO., LTD., GUANGDONG | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## AMENDED MEMORANDUM OPINION AND FINAL JUDGMENT

Before the Court is the Plaintiff Air Vent, Inc.'s (Air Vent) Second Supplemental Motion for Default Judgment against Defendant Powermax Electric Co., LTD (Powermax) (the Motion). (Doc. 19). The Court incorporates by reference the factual and procedural background set forth in its previous Memorandum Opinion and Final Judgment.[1] The Court **GRANTS** Air Vent's Motion and, pursuant to Rule 60(b)(1), amends its previous final judgment.

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."[2] Courts examine four factors in determining whether a party's neglect is excusable: "(I) the danger of prejudice to the nonmovant, (II) the length of the delay and its potential

[1] *See* Doc. 18. The Court invited Air Vent to file a second supplemental Motion for Default Judgment with corrected non-taxable costs and to refile a corrected Bill of Costs. *See* Doc. 18 at 8. Air Vent promptly did so. *See* Doc. 19.

[2] FED. R. CIV. P. 60(b)(1).

impact on judicial proceedings, (III) the reason for the delay, including whether it was within the reasonable control of the movant, and (IV) whether the movant acted in good faith."[3]

After considering the relevant circumstances, the Court finds that Air Vent's failure to properly differentiate its non-taxable litigation expenses before entry of judgment constitutes excusable neglect under Rule 60(b)(1). Here, the relevant circumstances favor amendment of the Judgment: Powermax will suffer no prejudice because Air Vent is legally entitled to these non-taxable litigation expenses, Air Vent acted promptly in seeking relief two days after entry of the Judgment, Air Vent has now cured its prior failure to submit sufficient supporting evidence, and the record reflects no indication of bad faith. Air Vent has supplied the Court with a detailed, itemized list of its non-taxable costs and a declaration verifying their reasonableness and accuracy.[4] Additionally, in its previous Order, the Court expressly invited Air Vent to file an amended motion but warned it that any future failure to properly distinguish between taxable and non-taxable costs would not be permitted.[5]

Air Vent's Motion properly requested *only* non-taxable costs such as legal research fees and pro hac vice expenses.[6] And it requested taxable costs in its Bill of

---

[3] *Ammons v. Kroger Texas, L.P.*, No. 4:19-CV-866-A, 2020 WL 12990986, at *1 (N.D. Tex. June 16, 2020) (McBryde, J.) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[4] *See* Docs. 17 (insofar as Air Vent properly classified costs as "non-taxable"), 19 (correcting the scope of its non-taxable costs).

[5] *See* Doc. 18 at 8.

[6] *See* Doc. 19 at 3–5.

Costs from the Clerk of Court.[7] For the foregoing reasons, the Court **GRANTS** Air Vent's Motion against Powermax. Consistent with the Court's previous Order, Air Vent is entitled to recover $40,000 in compensatory damages and $97,032.50 in attorney's fees. Additionally, the Court exercises its discretion under Rule 60(b)(1) to relieve Air Vent from the Judgment to the extent necessary to include $5,627.05 in non-taxable litigation expenses incurred in prosecuting this action. Air Vent is also entitled to recover its taxable costs through its Bill of Costs filed with the Clerk of Court.

**IT IS SO ORDERED** this 21st day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[7] *See* Doc. 20.